18-2517
*United States of America v. Lemay*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand nineteen.

Present:
        AMALYA L. KEARSE
        JOHN M. WALKER, JR.,
        DEBRA ANN LIVINGSTON,
        *Circuit Judges*,

———————————————————————

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                    18-2517

ALBERTO RANDAZZO, KEIRA NORTON, LEIGH MARCINI,
        *Defendants*

JENNIE LEMAY,

        *Defendant-Appellant*.

———————————————————————

| | |
|---|---|
| For Defendant-Appellant: | JEREMY GORDON, Jeremy Gordon, PLLC, Mansfield, Texas |
| For Appellee: | TYLER J. SMITH, Assistant United States Attorney (Samuel P. Nitze, Assistant United States Attorney *on the brief*), for Richard P. Donoghue, United States |

1

Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED AND REMANDED IN PART FOR CORRECTION OF FINAL JUDGMENT**.

Jennie Lemay appeals from an August 23, 2018 judgment of conviction for conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c), entered after a guilty plea.[1] Lemay was sentenced principally to 120 months of imprisonment followed by a five-year term of supervised release. The underlying conduct involved Lemay's transportation of her eight-year old grandson to a hotel with the intent to molest him for the sexual gratification of a man Lemay met online. Lemay appeals on the ground that the District Court impermissibly participated in the plea negotiation process, violating Rule 11 of the Federal Rules of Criminal Procedure.

At a change of plea hearing held on September 1, 2017, the government and Lemay proposed that Lemay plead guilty to count two of the third superseding indictment, which charged the offense of attempted sex trafficking of a child in violation of 18 U.S.C. §§ 1594(a) and 1591(b)(1) and which carries a 15-year mandatory minimum prison term. However, the parties planned to have Lemay allocute to the elements in such a way that Lemay would be subject to only 18 U.S.C. § 1591(b)(2)'s 10-year mandatory minimum. At a sidebar conference before Lemay had entered the room, the district court judge expressed reservations about the legal sufficiency of the

---

[1] As noted herein, there is a discrepancy regarding this judgment that warrants remand for the correction discussed below in Part III.

plea.[2] In response to a representation that the mandatory minimum under the plea would be 10 years, the judge stated:

THE COURT: That's what I'm wondering. How did you guys get around -- how do you get around the 15-year minimum?

[The Government]: We would allow her to plead to the lesser included of sex trafficking involving a child under 16 but not under –

THE COURT: How can you do that if the child was actually under –

[The Government]: We can ask her not to allocute to that, in the same way that in drug cases we allow people to plead to a weight and not having allocute to the higher weight.

THE COURT: I guess that's true. For some reason I view this as different, but I guess it's really not in a sense. Okay, understood. So she does get a benefit out of pleading guilty.

[The Defense]: She does get the benefit . . .

THE COURT: But you feel confident that she's actually –

[The Defense]: Yes, we've spoken for hours. I mean, I was kicked out of there last night because we were there so late. So I mean, you know, she's -- she is of clear mindset and made her decision.

THE COURT: Okay. All right. You know, and my apologies for pulling you aside like this, but I am concerned, because the consequences are obviously very severe and, again, the thing she has to be able to say only she would know.

[The Defense] Sure. And the consequences of going to trial are even more severe, and so it's like a rock and a hard place.

THE COURT: Scylla and Charybdis, as they say. J.A. 39:11–40:19.

Later, after Lemay had entered the room, the judge called the lawyers back to the bench for another sidebar, expressing further doubts about the legal sufficiency of the proposed plea:

THE COURT: I just want to double check one more time on this charge . . . . Do you guys see why I'm having a problem? Unfortunately, the way the statute is written, it wouldn't be an accurate allocution to that penalty portion of it. . . . Okay, let me counter propose something. Okay. Here's a question for you guys, which I never noticed before, it seems like an anomaly in the statute. Ah, I see. Why don't you charge a 1594(c)? . . . [I]t doesn't require her to allocute regarding age or any element to prove as to age. . . . Folks, I think we have to put this over, and I'm so sorry to keep doing this, but I don't think it would be a legally satisfactory plea. . . . I don't want this to be insufficient, you know, legally. . . . I leave it up to you guys [] to figure this out, I think . . .

[The Government]: And we'll do some research on the 1590 -- what's really a 1594(a)

_____

[2] The district court's concern centered around the parties' attempt to have Lemay avoid stating her grandson's age in allocuting to 18 U.S.C. § 1591(b)(2), which provides for a 10-year mandatory minimum. Because § 1591(b)(2) states that the victim must have "attained the age of 14 years but [] not attained the age of 18 years" at the time of the offense, and because Lemay could not truthfully state that her grandson had attained the age of 14, the district court was concerned that the plea would be legally insufficient.

charge, and we'll also look at 1594(c) as well.

THE COURT: Right. If you all see this as an obvious possibility, but it gives [The Defense] the argument that she shouldn't be subjected to any minimum.

[The Defense]: We can go back to the government's offer.

[The Government]: We will consider a 1594(c) charge and an 11(c)(1)(C).

THE COURT: Let me say this to you, [The Defense]. Obviously, if she goes to trial and gets convicted of the 1591(a) -- sorry, (b)(1), that's worse for her. So the bargaining position isn't bettered by my concern about the (b)2 [sic] not being appropriate. She faces the same perils of going to trial and being convicted of a 15-year minimum. So to mean -- obviously, it's up to you and her, it makes more sense to still try to get this 10 year -- it's going to be more than 11(c)(1)(C) probably deal, or whatever deal you decide to strike. I'm not trying to get involved. I mean, you should go back to the negotiating table and figure out whether or not she can allocute to a (b)2 [sic], but I don't think so. I don't think so. J.A. 43:2–45:22.

The judge continued:

THE COURT: But it's really just a matter of you talking with your client and the government, because as I see it, I don't think that 1591(b)(2) is an option, I think 1594(c) is an option, but she's still facing a potential 1591(b)(1) conviction at trial.

[The Defense]: Right.

THE COURT: That's not better for her. So you may be -- all of you may save yourself a whole lot of time if you ask for an 11(c)(1)(C) with a ten year under 1594(c), because that seems to make the most sense to me.

[The Government]: She's already been charged under 1594(c) as well, so we can go back and refashion it.

THE COURT: Why don't you guys talk about it and maybe we'll do a second call today. Do you want to do that? Somebody can do some quick research. [I think] the answer's going to be no on 1591(b)(2), but if you don't want to figure that out, just talk amongst yourself and come up with a different plea. J.A. 46:18–47:10.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

**I.    Standard of Review**

When a defendant raises a Rule 11 error for the first time on appeal, this court reviews the claim for plain error. *United States v. Vonn,* 535 U.S. 55, 59 (2002). Under the plain error standard, the defendant must demonstrate "that (1) there was error, (2) the error was 'plain,' (3) the error prejudicially affected [her] 'substantial rights,' and the error 'seriously affect[ed] the fairness,

4

integrity or public reputation of judicial proceedings.'" *United States v. Flaharty*, 295 F.3d 182, 195 (2d Cir. 2002) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). To demonstrate that a Rule 11 error prejudicially affected her substantial rights, the defendant must show "a reasonable probability that, but for the error, [she] would not have entered the plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004).

**II.    Rule 11**

Federal Rule of Criminal Procedure 11(c)(1) provides that a district court "must not participate" in plea "discussions." The danger of a district court's participation, even if well-intentioned, in the plea process is that it "inevitably" poses "the high and unacceptable risk" that a defendant will be coerced "to accept the proposed agreement and plead guilty." *United States v. Paul*, 634 F.3d 668, 671 (2d Cir. 2011) (internal quotation marks omitted).

The Second Circuit has adopted a fact-specific approach to Rule 11 issues and analyzes them "in terms of the purposes of the rule, and not with illogical rigidity." *Id*. at 672 (internal quotation marks omitted). The rule is not "a series of traps for imperfectly articulated oral remarks," but instead embodies a purpose to "protect[] the parties against implicit or explicit pressure to settle criminal cases on terms favored by the judge." *Id*. at 673 (internal quotation marks omitted). As the Supreme Court has recently noted, "[n]othing in Rule 11's text, however, indicates that the ban on judicial involvement in plea discussions, if dishonored, demands automatic vacatur of the plea without regard to case-specific circumstances." *United States v. Davila,* 569 U.S. 597, 609 (2013).

Under this fact-specific approach to Rule 11 violations and mindful of the deferential standard of review, we cannot conclude that the district court's actions here constituted plain error. To be sure, read without reference to context, the district court's statement that it had a "counter

5

propos[al]," J.A. 43:24, shortly before suggesting the plea arrangement which was eventually adopted by the parties, together with the court's comments on how this proposal might affect the defendant's negotiating position, **[e.g. JA 44:18]** could be troubling. However, in context, we have little doubt that the purposes of the rule were not undermined so as to make vacatur necessary. *See United States v. Bierd*, 217 F.3d 15, 18–20 (1st Cir. 2000) (finding that a Rule 11 violation was "not so egregious as to require vacat[ur] of the conviction" where the district court suggested a resolution by stating "[w]hy doesn't he plead out, get the three levels he's entitled to and then that will accomplish the severance" at sidebar and that resolution was eventually adopted by the parties). Four considerations lead us to this conclusion.

First, and most importantly, the district court's actions were clearly directed not at coercing a plea, but at ensuring that any plea to be entered would be legally sufficient in terms of the defendant's allocution. The district court also evinced concern that its likely ruling on the legal sufficiency of the original plea not undermine the defendant's negotiating position. This goal was evident when the judge stated, "I don't want this to be insufficient, you know, legally. And, [The Defense], the wheels are spinning, no doubt, because you now have a much better negotiating position." J.A. 44:15–44:19. *Cf. Paul*, 634 F.3d at 673 (rejecting a Rule 11 challenge where "[a] review of the surrounding discussion clearly indicates that the District Court was actually trying to secure Paul's release on bail, not trying to coerce a plea").

Second, the district court's statements were made only to the lawyers at sidebar, and in the context of the court advising the lawyers about the potential legal insufficiency of a proposed plea. This weighs heavily against finding a Rule 11 violation. *See Paul*, 634 F.3d at 672 (rejecting a Rule 11 challenge where the court's comments were made at hearing where the defendant was not present). Because the defendant did not hear the court's allegedly coercive statements and because

those statements were surrounded by other statements demonstrating a concern that the defendant not be forced into a legally insufficient plea, the risk that the defendant was coerced by the district court's conduct here is low.

Third, the district court repeatedly emphasized that the ultimate plea negotiations were up to the parties. The court stated, "I leave it up to you guys have to [sic] figure this out." J.A. 44:19. And "just talk amongst yourself [sic] and come up with a different plea." J.A. 47:9–47:10. And "I'm not trying to get involved. I mean, you should go back to the negotiating table." J.A. 45:19–45:20. Although these statements might not be enough on their own to protect a defendant from potential coercion, in the context of the good faith inquiry into legal sufficiency evident in the transcript here, they served to give Lemay (or, more precisely, Lemay's lawyer) confidence that the court wanted to give the parties the space to strike (or not strike) their preferred deal–one that would allow a truthful and sufficient plea allocution.

Finally, Lemay's objection to the district court's conduct must fail because Lemay cannot show a "reasonable probability that, but for the error, [she] would not have entered the plea," as is her burden under plain error review. *Dominguez Benitez,* 542 U.S. at 83. As the transcript reflects, Lemay had already agreed to plead guilty to a charge with almost exactly the same terms as the plea which was ultimately entered and accepted in this case. Indeed, Lemay and her lawyer had "spoken for hours" the night before and Lemay's lawyer relayed that Lemay was "of clear mindset and made her decision." J.A. 40:7–40:10. Given these representations, the district court did not commit plain error in its statements at sidebar here.

**III. The Judgment**

Although the parties do not raise this issue on appeal, the judgment of the district court incorrectly reflects the plea agreement of the parties. The written judgment records that the

7

defendant was "adjudicated guilty of" 18 U.S.C. §§ 1591 (a)(1) and 1591(b)(1). J.A. 28. As the discussion above indicates, the parties intended that the defendant plead guilty to conspiracy to commit sex trafficking under § 1594(c) and avoid a plea under §§1591(a)(1) and 1591(b)(1). Indeed, the plea agreement, J.A. 21, the court at the plea hearing, J.A. 64, and the court at the sentencing hearing, Sentencing Tr. at 2:21–2:23, all stated that the defendant was pleading guilty to § 1594(c) (or the equivalent formulation "conspiracy to commit sex trafficking").

Where there is a discrepancy between the oral and the written sentences, the oral sentence is controlling. *See, e.g., United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997). The oral sentence here was imposed under § 1594(c). As such, we remand to the district court for correction of its judgment to reflect the fact that the defendant was adjudicated guilty of 18 U.S.C. § 1594(c).

We have considered Lemay's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART, AND VACATE AND REMAND IN PART FOR CORRECTION OF THE FINAL JUDGMENT** of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8